UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ULISES ELIAS-NIEVES,

    Petitioner,

v.                                                                                                               Case No. 06-C-0603

DEPARTMENT OF HOMELAND SECURITY,

    Respondent.

**RECOMMENDATION ON PETITION FOR A WRIT OF HABEAS CORPUS**

On May 19, 2006, Ulises Elias-Nieves ("Elias-Nieves" or "petitioner") filed a petition for a writ of habeas corpus in this court. As best as this court can discern, according to his petition and the attachment thereto, Elias-Nieves claims that he is being held illegally and unconstitutionally in a Wisconsin state prison because on May 14, 2004, a final administrative order of removal was entered against him by the Department of Homeland Security. He claims that the order of removal should immediately be implemented, the net result of which would be to have him taken from the Wisconsin state prison and deported to Mexico. Elias-Nieves also claims that he is being held illegally and unconstitutionally because the circuit court lacked jurisdiction over him because he is an alien. In his petition Elias-Nieves asserts:

> Alien-Petitioner [is] <u>not</u> a 14th Amendment of the United States Constitution-Citizen (section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. 1227 (a)(2)(A)(iii)) amounts to this Alien-Petitioner being held unlawfully and illegally (Article 1, § 2 of the Wisconsin Constitution and 13th Amendment of the United States Constitution-Involuntary Servitude), in order that the State of Wisconsin, Department of Corrections can collect from Wisconsin tax-payers blood money for holding this Alien-Petitioner to unlawful and illegal imprisonment in violation of deportation order/removal order as attached herewith.

(Pet. at 2.) As relief he seeks the following:

> The Alien-Petitioner having a Final Removal Order File Number # A78 871 366, request a writ to issue to enforce the Deportation Order and order the Department of Homeland Security to remove Alien-Petitioner from the unlawful and illegal custody of the State of Wisconsin, and of the United States and return Alien-Petitioner pursuant to the Deportation order to Mexico.

(Pet. at 3.)

In an effort to determine precisely why the petitioner is in state custody, the court performed an on-line search of the Wisconsin Court System internet site. The search revealed that on February 10, 2003, in the Milwaukee County Circuit Court, Elias-Nieves was convicted of delivery of cocaine and possession of cocaine with intent to distribute the same, in violation of Wis. Stats. §§ 961.41(1)(cm)5 and 961.41(1m)(cm)5. On May 22, 2003, he was sentenced to serve ten years in prison on each count, with the sentences to run concurrently with one another.

Title 28 U.S.C. § 2254(a) provides as follows:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Given the foregoing, the court will first construe Elias-Nieves's petition as one filed pursuant to 28 U.S.C. § 2254.[1] Construing Elias-Nieves's petition as one filed pursuant to § 2254 calls into play the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that:

---

[1] The court notes that under § 2254, the proper respondent is the warden of the Stanley Correctional Facility, Pamela Wallace, not the Department of Homeland Security. When a habeas petitioner is in prison, the current warden is the proper respondent. *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996).

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

In my opinion, and for the following reasons, it plainly appears from Elias-Nieves's petition that he is not entitled to relief in the district court.

As previously stated, Elias-Nieves asserts that he is in custody in violation of the Constitution because he is an alien and therefore the Milwaukee County Circuit Court lacked jurisdiction over him. (*See* Pet. at 2.) (stating that "the Circuit Court of Wisconsin of conviction lacked a want of subject matter jurisdiction over this Alien-Petitioner per the 14th Amendment of the United States Constitution"). It is well-established, however, that state courts have jurisdiction over the criminal prosecution of aliens. *See e.g. Respublica v. Cobbett*, 3 U.S. (3 Dall.) 467, 469 (Pa. 1798) (stating that "[i]f an alien, as well as if a citizen, commits murder, burglary, arson, or larceny, in Pennsylvania, he is punishable by indictment [] in the State Court[]"). Thus, it is clear that Elias-Nieves is not entitled to relief in the district court on this ground and, accordingly, it will be recommended that Elias Nieves's petition for a writ of habeas corpus be dismissed.

To reiterate, Elias-Nieves also claims that he is being held illegally and unconstitutionally because on May 14, 2004, a final administrative order of removal was entered against him by the Department of Homeland Security. The gist of Elias-Nieves's argument is that this court should order the Department of Homeland Security to immediately enforce the final order of removal, the net result being that Elias-Nieves would be taken from the Wisconsin state prison where he is housed

(prior to the completion of his ten-year sentence) and deported to Mexico. To be sure, there is a legion of cases in which aliens who are subject to deportation orders seek habeas corpus relief to prevent the deportation order from being carried out. But that is not what Elias-Nieves seeks. Elias-Nieves wants just the opposite. Elias-Nieves wants the deportation order to be carried out so that he might be removed from the Wisconsin state prison where he is being housed and sent back to Mexico, his native country.

Given the foregoing, the court will next construe Elias-Nieves's petition as one filed pursuant to 28 U.S.C. § 2241, the general habeas corpus statute.[2] Construing his petition as one filed pursuant to § 2241 renders the provisions of 28 U.S.C. § 2243 applicable to his petition. Section 2243 provides, in pertinent part, as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

In my opinion, and for the following reasons, it plainly appears from Elias-Nieves's petition that he is also not entitled to relief under § 2241. This is because the court lacks subject matter jurisdiction under 8 U.S.C. § 1252(g) to review the Attorney General's decision to execute a final removal order.

In *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471 (1999), the Supreme Court held that § 1252(g) blocks review in the district court of particular administrative decisions. Section 1252(g) provides as follows:

> Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien

---

[2] Again, the court notes that the proper respondent is the warden of the Stanley Correctional Facility, Pamela Wallace, not the Department of Homeland Security. *See Kholyavskiy v. Achim*, 443 F.3d 946 (7th Cir. 2006).

4

> arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). Accordingly, the Court held that the three categories of administrative decisions enumerated above, that is, decisions to "commence proceedings, adjudicate cases, or execute removal orders," are not subject to review in the district court. The "'[e]xcept as otherwise provided' clause that opens § 1252(g) allows review of removal orders in the courts of appeals, see § 1252(a)(1), but review by district courts is not otherwise provided in this section, and therefore is blocked." *Sharif v. Ashcroft*, 280 F.3d 786, 787 (7th Cir. 2002) (internal quotations omitted).

Elias-Nieves is asking this court to order the Attorney General to execute the May 14, 2004 final removal order entered against him. This court, however, does not have the power to do so. This is because § 1252(g) blocks judicial review of the Attorney General's decision to "execute removal orders." The Seventh Circuit has held that a request for a stay of removal arises from the Attorney General's decision to execute a removal order and, therefore, is closed off from judicial review. Likewise, in this case, the Attorney General's decision *not* to execute a removal order (at least at this time) also arises from the Attorney General's decision to execute a removal order and, therefore, is closed off from judicial review. Indeed, the Attorney General's decision regarding when to execute Elias-Nieves's final removal order falls squarely within those discretionary actions excluded from judicial review under section 1252(g).

Finally, the court notes that Elias-Nieves's petition does not fall into either of the narrow exceptions to the preclusion of judicial review under § 1252(g). Indeed, this case does not present a "substantial constitutional issue;" nor does it present a "bizarre miscarriage of justice." *Chapinski*

5

*v. Ziglar*, 278 F.3d 718, 721 (7th Cir. 2002).  Consequently, and for all of the foregoing reasons, it will be recommended that Elias-Nieves's petition be dismissed.

**NOW THEREFORE IT IS RECOMMENDED** that Elias-Nieves's petition for a writ of habeas corpus be **DISMISSED**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) - (C) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of the date of service of this recommendation.  Failure to object in accordance with the rules cited herein waives your right to review.

**SO ORDERED** this 13th day of June 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge