# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ULISES ELIAS-NIEVES
        Petitioner,

    v.                                         Case No. 06-C-0603

PAMELA WALLACE
        Respondent.

## ORDER

Petitioner Ulises Elias-Nieves, a Wisconsin state prison inmate, filed a petition for a writ of habeas corpus, naming as respondent the United States Department of Homeland Security. In the petition, he indicated that he was an alien illegally present in the United States and had been ordered removed from the country based on his commission of an aggravated felony. He asked the court to order the Department to immediately execute the order of removal and send back him to Mexico. He further stated that as an alien he was not subject to the jurisdiction of the state court which sentenced him on the aggravated felony.[1] He argued that his continued confinement in the Wisconsin state prison system was illegal given the removal order and, ostensibly, because the state court lacked jurisdiction over him.

The petition was assigned to a magistrate judge, who recommended that it be dismissed. The magistrate judge noted that, if construed under 28 U.S.C. § 2254 – the habeas provision pertaining to prisoners held pursuant to a state court judgment – the

---

[1] Wisconsin court records reveal that in 2003 petitioner was sentenced to ten years in prison for cocaine distribution.

petition would fail because it is well-established that state courts have jurisdiction over the criminal prosecution of aliens.[2] If construed under § 2241 – the general habeas provision – the petition would also fail because the district court generally lacks subject-matter jurisdiction to review the Attorney General's decision to execute a final removal order.

Upon receipt of the magistrate judge's report, petitioner filed an amended petition naming as respondent Pamela Wallace, warden of the prison in which he is confined, and objections to the recommendation of dismissal. In the amended filing, petitioner argued that respondent Wallace was unlawfully holding him, a non-citizen, in "contempt" of the removal order and thus was guilty of kidnaping and hostage taking under 18 U.S.C. §§ 1201 & 1203.

Because it is plain that petitioner is not entitled to relief, the petition must be dismissed. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases. Respondent is holding petitioner pursuant to a valid state court judgment. His status as an alien did not affect the jurisdiction of the state court to punish his violation of state drug laws. See Wis. Stat. § 939.03; McDonald v. State, 80 Wis. 407, 413 (1891). Nor is respondent obligated to release petitioner from prison and turn him over to federal immigration authorities pursuant to the removal order prior to the completion of his sentence. See Duamutef v. INS, 386 F.3d 172, 182 (2d Cir. 2004) (noting that there is no private right to compel deportation prior to the completion of a prison sentence); Lemeshko v. Wrona, 325 F. Supp. 2d 778, 784 (E.D. Mich. 2004) ("Numerous courts have held that an alien subject to a final order of removal cannot be removed until the completion of his

---

[2] The magistrate judge further noted that the proper respondent under § 2254 is the prisoner's custodian, here, the state prison warden.

2

Case 2:06-cv-00603-LA     Filed 06/23/06     Page 2 of 3     Document 5

prison sentence."); Loaiza v. INS, No. 98-CV-1112, 1998 U.S. Dist. LEXIS 19335, at *11 (E.D.N.Y. Dec. 8,1998) (stating that an alien inmate has no private right to bring an action to compel a state official to deport him from the United States before the completion of his period of incarceration); see also Simmonds v. INS, 326 F.3d 351, 355 (2d Cir. 2003) (noting that 8 U.S.C. § 1231(a)(4)(A) forbids the Attorney General to remove an alien who is serving a sentence of imprisonment until after the alien is released).

**THEREFORE, IT IS ORDERED** that the petition is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of June, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge